IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00214-PAB-KLM

HICA EDUCATION LOAN CORPORATION,

    Plaintiff,

v.

DANIEL R. PERKINS,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Award of Attorneys' Fees and Costs** [Docket No. 14; Filed August 13, 2012] (the "Motion"). The history of this matter was set forth in the District Judge's July 25, 2012 Order [#12] and is not repeated here. In that Order, the District Judge granted Plaintiff's motion for default judgment against Defendant. Plaintiff subsequently filed the Motion seeking attorneys' fees and costs. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1 C., the Motion was referred to this Court for recommendation [#16]. No timely Response has been filed. The Court **recommends** that the Motion [#14] be **granted** as set forth below.

    In short, Plaintiff filed this suit pursuant to the Health Education Assistance Loan Program, alleging that Defendant defaulted on a student loan. *See* 42 U.S.C. §§ 292, 294; 42 C.F.R. Part 60. Pursuant to 42 C.F.R. § 60.15(b), a plaintiff lender pursuing a defendant educational-loan borrower may be awarded costs and attorneys' fees:

> Collection charges. The lender or holder may also require that the borrower pay the holder of the note for reasonable costs incurred by the holder or its agent in collecting any installment not paid when due. These costs may include attorney's fees, court costs, telegrams, and long-distance phone calls. The holder may not charge the borrower for the normal costs associated with preparing letters and making personal and local telephone contacts with the borrower. A service agency's fee for normal servicing of a loan may not be passed on to the borrower, either directly or indirectly. No charges, other than those authorized by this section, may be passed on to the borrower, either directly or indirectly, without prior approval of the Secretary.

Pursuant to this regulation, Defendant contractually agreed that, "If I do not may payments on time or if I default, the total amount to be repaid will be increased by late charges and may be increased by additional interest costs, attorney's fees, court costs and other collection costs." *Promissory Note* [#18] at 5. As Plaintiff has prevailed in its suit against Defendant, Plaintiff is therefore entitled to costs and reasonable attorneys' fees.

Pursuant to D.C.COLO.LCivR 54.3B., a party seeking an award of expenses must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and a summary of the relevant qualifications and experience." Plaintiff submitted two declarations, signed under penalty of perjury, authored by Attorney Matthew L. Johnson ("Johnson") and Attorney F. Scott Flow ("Flow"). *See Ex. A, Decl. of Johnson* [#14] at 3-5; *Ex. B, Decl. of Flow* [#14] at 6-8. The declarations include itemized lists of fees incurred, the hourly rates charged by counsel, their experience, and costs expended. As per the declarations, Plaintiff incurred attorneys' fees in the amount of $2,050.00 and costs of $373.80[1] in connection with this action. The Court finds that

---

[1] The costs associated with the matter include a $350.00 filing fee, $3.68 for photocopies, and $20.12 for postage expenses. *See Ex. A, Decl. of Johnson* [#14] at 5. Although the Motion seeks a rounded $450.00 in costs, the Court sees no evidence for this amount in the record provided by Plaintiff. *See Motion* [#14] at 2.

Plaintiff has satisfied the requirements of Local Rule 54.3B.

Turning to the reasonableness of Attorney Johnson's and Attorney Flow's hourly rates, the party seeking attorneys' fees bears the burden of producing "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Attorney Johnson is lead counsel for Plaintiff on this case. *Ex. A, Decl. of Johnson* [#14] at 3; *Ex. B, Decl. of Flow* [#14] at 2. Attorney Flow has been licensed to practice law since 1992, is admitted to practice before four United States District Courts, and has represented "many creditors seeking to collect debts that are due and owing to them." *Ex. B, Decl. of Flow* [#14] at 6-7. In this case, both attorneys seek fees at an hourly rate of $250.00. *See id.* The Court finds that the hourly rate of $250.00 is reasonable in this jurisdiction for counsel with Attorney Johnson's and Attorney Flow's experiences and qualifications. *See Shrader v. Beann*, No. 10-cv-01881-REB-MLW, 2012 WL 527480, at *3 (D. Colo. Feb. 12, 2012) (finding that an hourly rate of $425 for senior attorneys in the Denver area is reasonable); *Broker's Choice of Am., Inc. v. NBC Universal, Inc.*, No. 09-cv-00717-CMA-BNB, 2011 WL 3568165, at *8-9 (D. Colo. Aug. 15, 2011) (same)).

A party seeking an award of attorneys' fees must demonstrate that the expenses it seeks are reasonable. *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Generally, the starting point for any calculation of reasonable attorneys' fees is the "lodestar," that is, the number

of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Malloy v. Monahan*, 73 F.3d 1012, 1017–18 (10th Cir. 1996). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436–37.

As noted, Plaintiff is the prevailing party against Defendant and, therefore, is entitled to be compensated. *See Order* [#12] at 3-4; 42 C.F.R. § 60.15(b). The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall. *Hensley*, 461 U.S. at 436–40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684–85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute). Based on the undersigned's twenty-seven years of combined private and judicial experience and careful consideration of the declarations and the issues underlying this matter, the Court finds that Attorney Johnson's and Attorney Flow's claimed fees are reasonable here. *See, e.g.*, *Onesource Commercial Prop. Servs., Inc. v. City & Cnty. of Denver*, No. 10-cv-02273-WJM-KLM, 2011 WL 3583398, at *2 (D. Colo. Aug. 12, 2011).

Thus, the Court finds that: (1) Attorney Johnson's hourly compensation of $250.00 is reasonable; (2) Attorney Flow's hourly compensation of $250.00 is reasonable; (3) the 4.2 hours of attorney time noted by Attorney Johnson are reasonable; (4) the 4.0 hours of attorney time noted by Attorney Flow are reasonable; and (5) the expenses incurred by Plaintiff, as outlined in the declaration of Attorney Johnson, are reasonable. Accordingly,

the Court concludes that Plaintiff is entitled to an award of $2,050.00 in attorney's fees and $373.80 in costs it incurred as a result of its lawsuit against Defendant. Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion [#14] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Plaintiff be awarded costs and fees in the amount of $2,423.80, and that judgment be entered in favor of Plaintiff and against Defendant in that amount.

Dated: September 20, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge